CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 1 2 2017

JULIA C. DUDLEY, CLERK
BY: _____
        DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

CHRISTINA M. CARDINALE,                )
                                       )       Civil Action No. 3:16CV00024
        Plaintiff,                     )
                                       )
v.                                     )       **MEMORANDUM OPINION**
                                       )
CAROLYN W. COLVIN, Acting              )
Commissioner of Social Security,       )       By:     Honorable Glen E. Conrad
                                       )               Chief United States District Judge
        Defendant.                     )

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claim for a period of disability and disability insurance benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423. Jurisdiction of this court is pursuant to § 205(g) of the Act, 42 U.S.C. § 405(g). As reflected by the memoranda and argument submitted by the parties, the issues now before the court are whether the Commissioner's final decision is supported by substantial evidence, or whether there is "good cause" as to necessitate remanding the case to the Commissioner for further consideration. See 42 U.S.C. § 405(g).

The plaintiff, Christina M. Cardinale, was born on February 6, 1954, and eventually completed her high school education. Mrs. Cardinale has also completed a course of study in data processing. Plaintiff has worked as a bookkeeper, auditor, cashier, and administrative assistant. She last worked on a regular basis in 2012. On December 20, 2012, Mrs. Cardinale filed an application for a period of disability and disability insurance benefits. She alleged that she became disabled for all forms of substantial gainful employment on November 30, 2012 because of bulging discs in her back and high blood pressure. Plaintiff now maintains that she has remained disabled to the present time. The record reveals that Mrs. Cardinale met the insured status requirements of the Act at all relevant times covered by the final decision of the Commissioner. See gen., 42 U.S.C. §§ 416(i) and 423(a).

Mrs. Cardinale's claim for disability insurance benefits was denied upon initial consideration and reconsideration. She then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated September 15, 2015, the Law Judge also determined that plaintiff was not disabled. The Law Judge found that Mrs. Cardinale suffered from several severe impairments, including spondylosis of the lumbar spine with L5-S1 rupture; degenerative joint disease; tendonitis with a partial tear in her right shoulder; and obesity. Despite this combination of impairments, the Law Judge ruled that Mrs. Cardinale retained sufficient functional capacity to perform sedentary work such as was required in her prior job as an administrative assistant. Accordingly, the Law Judge ultimately concluded that plaintiff was not disabled, and that she is not entitled to a period of disability or disability insurance benefits. See 20 C.F.R. § 404.1520(f). Upon receipt of the Law Judge's adverse decision, plaintiff sought review by the Social Security Administration's Appeals Council. In conjunction with her request for review, Mrs. Cardinale submitted a number of new medical reports. However, the Appeals Council eventually adopted the Law Judge's opinion as the final decision of the Commissioner. Having exhausted all available administrative remedies, Mrs. Cardinale has now appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff was disabled for all forms of substantial gainful employment. See 42 U.S.C. § 423(d)(2). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's

2

education, vocational history, residual skills, and age. <u>Vitek v. Finch</u>, 438 F.2d 1157, 1159-60 (4th Cir. 1971); <u>Underwood v. Ribicoff</u>, 298 F.2d 850, 851 (4th Cir. 1962).

On appeal, plaintiff makes two, somewhat related arguments. Mrs. Cardinale maintains that the Administrative Law Judge failed to properly develop the record in her case. However, the court believes that the Law Judge conducted a thorough and complete evaluation and review of all the evidence in the administrative record presented to the Law Judge for consideration. Plaintiff argues that the Law Judge failed to address questions raised by plaintiff's testimony and to procure additional evidence, given certain ambiguities in the record. However, the court is simply unable to identify any significant deficiencies in the Law Judge's consideration of the case. It must be remembered that the burden of proof, and the responsibility to produce appropriate evidence, rests with the claimant. <u>See</u> 20 C.F.R. § 404.1512. While it is true that the Administrative Law Judge recognized that the record set forth little evidence concerning plaintiff's emotional problems in context with her physical complaints, the court concludes that any shortcomings in the evidence should have been addressed by Mrs. Cardinale.

On the other hand, the court believes that plaintiff's second argument on appeal, which in some ways is an extension of the first, does have merit. As noted above, in requesting review of the Administrative Law Judge's opinion by the Social Security Administration's Appeals Council, plaintiff, through her legal representatives, submitted additional medical evidence. The court believes that the new evidence submitted by plaintiff was such as to address certain deficiencies in the medical record as identified by the Administrative Law Judge. Nevertheless, in adopting the Law Judge's opinion as the final decision of the Commissioner, the Appeals Council limited its consideration of the new medical evidence to the following statement:

3

> We considered whether the Administrative Law Judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record. We concluded that the additional evidence does not provide a basis for changing the Administrative Law Judge's decision.

(TR 2). The court is simply unable to conclude whether the Commissioner's treatment of the new evidence is supported by substantial evidence.

In her testimony at the administrative hearing, Mrs. Cardinale related that, because of her physical problems and inability to work, she suffers from depression and post-traumatic stress. (TR 56). She testified that she has received treatment, including mediation, from mental health specialists for her emotional problems. (TR 56, 62). The Administrative Law Judge addressed this issue as follows:

> The claimant testified to having nightmares sometimes, she reported having PTSD that was diagnosed in 2007 to 2008, and she alleged treatment of therapy. In her December 2014 summary that the claimant submitted, she wrote that she had attended counseling sessions and had been treated by her family physician for PTSD and anxiety. She further noted taking such medications as bupropion (Ex. 15F/5-7). However, the medical evidence does not indicate that the claimant was ever diagnosed with or treated for a mental disorder by an acceptable medical source. In addition, she typically had normal mental signs on exam throughout the relevant period. Therefore, I find that the claimant's alleged PSTD/anxiety disorder is a non-medically determinable impairment.

(TR 24).

The court believes that the new evidence submitted to the Appeals Council substantiates plaintiff's testimony regarding her emotional symptomatology. The new reports relate to periods of treatment, both before and after the date of the Administrative Law Judge's opinion. For example, in a letter from a licensed professional counselor dated December 21, 2015, the course of plaintiff's treatment is summarized as follows:

4

This letter is to confirm that Christina Cardinale started receiving individual counseling services at The Women's Initiative from June 12, 2014 to December 2, 2014 completing 22 sessions, Then she returned for services on August 10/ 2015 receiving as of today 16 counseling sessions in this second round of treatment. In total she has participated in 38 sessions. She is an active client as of today.

Christina came seeking support to deal with trauma and depressive symptoms that have been impacting her concentration, follow through and communication-relationship issues with family on a daily basis. Based on her clinical presentation and symptoms she has been diagnosed with Posttraumatic Stress Disorder and Major Depressive Disorder. Onset: Christina has a history of childhood trauma that has impacted her adult life. She indicated that in 2009 accumulated life stressors triggered intensity of trauma symptoms and she started seeking support through counseling in another agency.

Christina's level of functioning is impacted by the challenges of dealing with symptoms of trauma and depression, and observed discomfort of physical pain. During treatment this therapist has noticed that while Christina is a resilient woman with many strengths, the combination of physical pain and mental health issues challenges her capacity to maintain level of functioning required to stay on task for long periods of time.

(TR 876).

The evidence submitted directly to the Appeals Council also includes reports from a pain management specialist, Dr. Rasheed A. Siddiqui. Dr. Siddiqui treated Mrs. Cardinale in 2014 and 2015. In a medical source statement dated January 14, 2016, Dr. Siddiqui summarized observations from 38 treatment sessions with Mrs. Cardinale covering a period from June 12, 2014 through December 15, 2015. Dr. Siddiqui diagnosed post-traumatic stress disorder and major depressive disorder. (TR 877). He noted that plaintiff's subjective symptoms frequently interfere with her attention and concentration, as well as her ability to stay on task for sustained periods of time. (TR 878). He estimated that Mrs. Cardinale is unable to sit for more than 45 minutes without interruption. (TR 878).

5

Assuming that certain of the new reports submitted directly to the Appeals Council are best characterized as new evidence, the court believes that plaintiff has established "good cause" for remand of her case to the Commissioner for further consideration of her case on the merits. In Borders v. Heckler, 777 F.2d 954 (4th Cir. 1985), the United States Court of Appeals for the Fourth Circuit summarized the standards under which a motion for remand based on new evidence must be considered:

> A reviewing court may remand a Social Security case to the Secretary on the basis of newly discovered evidence if four prerequisites are met. The evidence must be "relevant to the determination of disability at the time the application was first filed and not merely cumulative." Mitchell v. Schweiker, 699 F.2d 185, 188 (4th Cir. 1983). It must be material to the extent that the Secretary's decision "might reasonably have been different" had the new evidence been before her. King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Sims v. Harris, 631 F.2d 26, 28 (4th Cir. 1980). There must be good cause for the claimant's failure to submit the evidence when the claim was before the Secretary, 42 U.S.C. § 405(g), and the claimant must present to the remanding court "at least a general showing of the nature" of the new evidence. King, 599 F.2d at 599.

777 F.2d at 955.

In the instant case, it is abundantly clear that the new medical evidence was actually received by the Appeals Council, and that there can be no question as to the nature of the evidence. It is also undisputed that all of the new reports were generated while the case was still before the Commissioner. Furthermore, all of the new reports were developed in the course of continuing treatment of plaintiff's physical problems, depression, and stress reaction. Thus, it is obvious that the new reports address the issues which were identified by the Administrative Law Judge in her summary of plaintiff's testimony.

As to the final element of the Borders inquiry, the court notes that the new evidence strongly suggests that, contrary to the opinion of the Law Judge, Mrs. Cardinale's emotional issues are so

6

severe as to impact the performance of work activities for which she may otherwise be physically capable. Moreover, the new reports tend to support the notion that plaintiff's subjective symptoms are directly related to objective physical conditions for which she has received substantial treatment.[1] Thus, to the extent that the new reports submitted directed to the Appeals Council are best characterized as new medical evidence, and upon consideration of the <u>Borders</u> factors, the court believes that plaintiff has established "good cause" for remand of her case to the Commissioner for further and more detailed consideration of that evidence.

The court recognizes that the new submissions might arguably fall into a somewhat different category, inasmuch as the reports were first provided to the Appeals Council, and were actually referenced by the Appeals Council in its denial of plaintiff's request for review. The court notes that the United States Court of Appeals for the Fourth Circuit was presented with a similar factual and procedural scenario in <u>Meyer v. Astrue</u>, 662 F.3d 700 (4th Cir. 2011). In that case, the Court made the following comments as to the assessment to be given to evidence submitted to the Appeals Council for its consideration in determining whether to review the opinion of an Administrative Law Judge:

> On consideration of the record as a whole, we simply cannot determine whether substantial evidence supports the ALJ's denial of benefits here. The ALJ emphasized that the record before it lacked "restrictions placed on the claimant by a treating physician," suggesting that this evidentiary gap played a role in its decision. Meyer subsequently obtained this missing evidence from his treating physician. That evidence corroborates the opinion of Dr. Weissglass, which the ALJ had rejected. But other record evidence credited by the ALJ conflicts with the new evidence. The Appeals Council made the new evidence part of the record but summarily denied review of the ALJ decision. Thus, no fact finder has made any findings as to the

---

[1] It is well settled that in order for pain to be disabling, there must be objective medical evidence establishing some condition that could reasonably be expected to produce the pain alleged. <u>Craig v. Chater</u>, 76 F.3d 585, 592-93 (4th Cir. 1996); <u>Foster v. Heckler</u>, 780 F.2d 1125, 1129 (4th Cir. 1986).

treating physician's opinion or attempted to reconcile that evidence with the conflicting and supporting evidence in the record. Assessing the probative value of competing evidence is quintessentially the role of the fact finder. We cannot undertake it in the first instance. Therefore, we must remand the case for further fact finding.

662 F.3d at 707.

In the instant case, the Administrative Law Judge specifically found that plaintiff's emotional problems did not give rise to a severe medical impairment. Yet, the medical evidence submitted directly to the Appeals Council clearly supports a contrary finding. Perhaps more importantly, the evidence submitted to the Appeals Council includes an assessment by a treating physician and pain specialist, which helps the finder of fact understand the relationship between plaintiff's physical problems and her subjective symptoms. As noted by the Court of Appeals, assessing the probative value of such evidence is "quintessentially the role of the fact finder." Meyer at 707. The court is simply unable to conclude that this responsibility has been discharged at this point, or that plaintiff's claim has been given full consideration based on all of the evidence now available as to the extent of her disability during the time period adjudicated by the Administrative Law Judge. Thus, the court finds "good cause" for remand of this case so that the appropriate fact finder can consider all of the evidence now available for review.

For the reasons stated, the court finds "good cause" for remand of this case to the Commissioner for further development, including consideration of new evidence submitted during the period between the issuance of the Administrative Law Judge's opinion and the adoption of such opinion as the final decision of the Commissioner. If the Commissioner is unable to decide this case in plaintiff's favor on the basis of the existing record as supplemented by any new medical evidence,

8

the Commissioner will conduct a new administrative hearing at which both sides will be allowed to present additional evidence and argument. An appropriate order of remand will be entered this day.

The clerk is directed to send certified copies of this opinion to all counsel of record.

DATED: This _11th_ day of January, 2017.

_____

Chief United States District Judge

Case 3:16-cv-00024-GEC   Document 19   Filed 01/12/17   Page 9 of 9   Pageid#: 984